WILLE, Appellant, vs. MAAS and another, Respondents.

*February 6—February 24, 1914.*

*Trespass: Boundaries: Adverse possession: Counterclaim.*

1. Upon the uncontradicted evidence in an action of trespass involving the title to land, defendants are *held* to have acquired title by adverse possession to the strip in dispute.
2. In an action of trespass to determine the title to a strip of land and for damages, a counterclaim for trespass by plaintiff on the same land is connected with the subject of the action and hence properly pleadable.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an action arising out of a dispute over the location of a line fence dividing the property of the plaintiff on the north from that of the defendants *Maas* and *Fehrman* on the south. Prior to the 9th of December, 1908, a fence existed dividing the property of the plaintiff from that of the defendants. In the fall of 1908 plaintiff had a survey made and such survey located the dividing line to the south of the existing fence, the strip between the old fence and the newly established line being 79.53 feet at its greatest width and narrowing down until it met the old line at the west boundary of the *Fehrman* property and to a width of about forty-one feet at the east boundary of the *Maas* property. In December following plaintiff moved the old fence to the south to the line established by the surveyor as the proper dividing line between his property and that of the defendant *Maas,* and in May, 1909, moved that part of the old fence which separated his property from that of *Fehrman* to the line established by the surveyor. In October, 1909, the above named defendants, together with their codefendants, whom they employed to assist them, removed the old fence from where it had been placed by the plaintiff and carried the posts and wires back onto the lands of the plaintiff north of the line of the old

fence. Plaintiff began this action in justice's court, alleging trespass. The defendants set up the necessary facts to show that the title to land would come in question and gave the necessary bond and the case was certified to the county court of Dodge county. The defendants *Maas* and *Fehrman* then answered separately, setting up title by adverse possession to the respective portions of the strip of land in dispute adjoining the parcels of land which they owned and also counterclaimed for damages for trespass. The action was thereafter removed to the circuit court by reason of the filing of an affidavit of prejudice. At the close of the trial the court directed a verdict to the effect that the true boundary line between the property of the plaintiff and that of the defendants was along the north line of the strip in dispute and that the defendants had the right to take down and remove the fence to the place where it formerly stood. By its answers to questions submitted on a special verdict the jury awarded damages to the defendants, and in accordance therewith judgment was entered dismissing plaintiff's complaint and awarding damages to the defendants on their counterclaims. From such judgment plaintiff appeals.

For the appellant the cause was submitted on the brief of *J. E. & J. F. Malone.*

For the respondents there was a brief by *Husting & Brother,* and oral argument by *Paul O. Husting.*

BARNES, J. The errors assigned relate to rulings on evidence, to instructions given and refused, to the decision of the court holding that there was no jury issue on the question of title, and to the refusal of the court to sustain the demurrers interposed to the counterclaims of the defendants.

No substantial question is raised in regard to the rulings on evidence, and it would be unprofitable to discuss them in detail.

We think the uncontradicted evidence showed that the de-

fendant *Fehrman* had been in adverse possession of the portion of the disputed strip abutting on or part of the west half of the northwest quarter of section 9, township 9, range 16, for more than twenty years before the 1908 survey was made, and that the defendant *Maas* had adversely and for a like period occupied that portion of the strip adjacent to or a part of the east half of the northwest quarter of said section. We do not find that any competent evidence tending to prove the contrary was excluded. The decision of the court was therefore right on this branch of the case.

The instructions refused and those given and to which exception is taken relate to the question of adverse possession. The court having correctly decided that there was no jury question in reference to title, these errors drop out of the case.

The remaining question is whether the defendants had the right to counterclaim in this action for the damages sustained by them by reason of the trespass committed by the plaintiff on their property. *Fehrman's* damages were assessed at $8 and *Maas'* damages at $2.

A counterclaim may be set up for a cause of action connected with the subject of the plaintiff's action. Sub. 1, sec. 2656, Stats. The trial in the circuit court was primarily one to determine title to the disputed strip and incidentally to recover damages for the trespass committed thereon. The subject of the action was the plaintiff's primary right, together with the specific property involved. *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445.

The plaintiff's cause of action being one to determine the title to real estate and for damages for the alleged trespass committed thereon, and the counterclaims being interposed to recover damages for invading the possessory right of the defendants to the same real property, it must be held under the doctrine of *McArthur v. Moffet, supra,* that the counterclaims were connected with the subject of plaintiff's cause of action and therefore properly pleadable in the action.

*By the Court.*—Judgment affirmed.